# DISCLOSURE STATEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT

**ACCOUNT NO.** 5448

**LENDER – SECURED PARTY**
Family Choice Financial, Inc.
710 Brookway Blvd
Brookhaven, MS 39601

**DATE OF LOAN:** 03/14/2025
**INTEREST START DATE:** 03/14/2025

**ITEMIZATION OF THE AMOUNT FINANCED OF** ............ $2,367.95
**AMOUNT PAID TO OTHERS ON MY BEHALF:**

To Credit Life Ins. Premium
[X] Level  [ ] Decreasing  [X] Dismemberment
[X] Single  [ ] Joint .......... $98.24

To Credit Disability Ins. Premium .... $123.12
[X] 14 Day  [ ] 30 Day  [X] Retro  [ ] Non-Retro

To Property Insurance Premium
[ ] Single Int.  [X] Dual Int. ...... $190.03
[ ] Single Int. Auto ............... $0.00

To IUI Premium ..................... $97.20
To Public Officials ................. $0.00
To Non-Filing Fee ................... $0.00
To Electronic Funding Fee .......... $0.00
To _____ .......................... $0.00
To _____ .......................... $0.00
To Other Creditors .................. $0.00
_____ $0.00
_____ $0.00
_____ $0.00
_____ $0.00
_____ $0.00

**TOTAL PAID TO OTHERS** ......... $508.59

| ANNUAL PERCENTAGE RATE (The cost of my credit as a yearly rate.) | Total of Payments (The amount I will have paid after I have made all payments as scheduled.) | FINANCE CHARGE (The dollar amount the credit will cost me.) | Amount Financed (The amount of credit provided to me or on my behalf.) |
|---|---|---|---|
| 42.350% | $3,242.37 | $874.42 | $2,367.95 |

**MY PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF FIRST PAYMENT | FIRST PAYMENT DUE DATE: | OTHER PAYMENTS DUE SAME DAY OF EACH SUCCEEDING MONTH | AMOUNT OF OTHER PAYMENTS | FINAL PAYMENT DUE DATE: |
|---|---|---|---|---|---|
| 18 | $182.37 | 04/15/2025 | | $180.00 | 09/15/2026 |

**Security:** I am giving you a security interest in:
[X] Certain Household Goods  [ ] Motor Vehicle  [ ] Goods or property being purchased
[ ] Real Estate  [X] Collateral securing other loan may also secure this loan
[ ] Other (describe) _____  [ ] This loan is unsecured

**PROPERTY INS.** $3,242.37  **AUTO INS.** $0.00

**Late Charge:** [X] If a payment is more than 15 days late, I will be charged $5.00 or 4.00% of the delinquent amount, whichever is greater but not to exceed $50.00.

**Prepayment:** [X] If I pay off early, I may be entitled to a refund of part of the finance charge.
[ ] If I pay off early, I may have to pay a penalty

I must see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Balance on Former Account
LESS  No. _____ $1,083.83
REFUNDS  Finance Charge ....... $0.00
Credit Life Ins. ........ $0.00
Disability Ins. ......... $0.00
IUI Ins. ............... $0.00
Property Ins. .......... $0.00
S.I. Auto Ins .......... $0.00
Net Balance .......... $1,083.83
Amount Paid on My Account ........ $1,083.83
Amount Given to Me Directly ....... $775.53
Prepaid Finance Charge (Closing Fee) ........ $129.69
State Interest Charge .......... $744.73
The Loan Contract Rate is 34.740% per annum

**NAMES AND ADDRESSES OF ALL BORROWERS:**
Willie E Edwards
94 Brady Ave.
Port Gibson, MS 39150

S.S. NO. _____  AGE _____
DOB: _____
DOB: _____

**Insurance.** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost. Insurance, if provided, is for the term of the contract.

I may obtain required property insurance from anyone I want that is acceptable to you. If I obtain the insurance from you the cost will be as follows:

| TYPE | PREMIUM | SIGNATURE |
|---|---|---|
| Single Credit Life [X] Level [ ] Decreasing | $98.24 | [ ] do [ ] do not want Single Credit Life Insurance SIGNATURE: /s/ |
| Joint Credit Life [ ] Level [ ] Decreasing | $0.00 | We [ ] do [ ] do not want Joint Credit Life Insurance SIGNATURE: _____ SIGNATURE: _____ |
| Credit Disability | $123.12 | [ ] do [ ] do not want Credit Disability Insurance SIGNATURE: /s/ |

Single Int. Auto for a term of  0  mos.  $0.00
Single/Dual Int. Prop. for a term of  18  mos.  $190.03
(Borrower(s) initial appropriate box)
[ ] I want Single Interest Property Insurance
[X] I want Dual Interest Property Insurance
I/We warrant that the value of the collateral on this transaction is ............ $4,050.00

As stated above "I", "Me" or "My" means all Borrowers, and "You" means the Lender named above.

## PROMISSORY NOTE

**FOR VALUE RECEIVED:** Borrower promises to pay to the order of Lender named above, at its office, and subject to the terms hereof the Total of Payments as stated above in consecutive monthly installments as stated as beginning on the due date for the first payment stated above and continuing on the same day of each succeeding month thereafter until fully paid. No extension, renewal, or other indulgence by Lender shall release the Borrower. Borrower waives protest. Borrower includes all persons signing below, each of whom shall be jointly and severally liable herein. All provisions set out above are incorporated in this Note by reference as though fully set out herein.
Borrower agrees to pay a closing fee as follows:
 a. For loans in the amount of Ten Thousand Dollars ($10,000.00) or less, four percent (4%) of the total payments due on the loan or Twenty-Five Dollars ($25.00), whichever is greater.
 b. For Loans in an amount greater than Ten Thousand Dollars ($10,000.00), a maximum charge of Five Hundred Dollars ($500.00).
**REBATE FOR PREPAYMENT:** Prepayment may be made in full or in part at any time. If this loan is prepaid in full, Borrower will receive a refund of the unearned portion of the Finance Charge (less Prepaid Finance Charge) calculated in accordance with the Rule of 78's based upon months prepaid determined as described hereafter. The number of months and days used from the date loan was made to the date of prepayment plus 20 days will be the number of months and days earned. If the days earned in excess of whole months total 15 or less, they shall be disregarded. If the days earned in excess of whole months total 16 or more they shall be considered an additional month earned. No rebate less than $1.00 is required. The Finance Charge for the purposes of the Mississippi Code is the Finance Charge disclosed above less the amount shown as Prepaid Finance Charge.
**APPLIES TO SECTION 32 REAL ESTATE LOANS ONLY:** If prepayment is a result of refinancing, the finance charge refund will be computed using the actuarial method. If the within named customer's debt ratio (income to monthly payments) exceeded 50% on the date of this loan, no prepayment penalty will be collected and the finance charge refund will be computed using the actuarial method.
**PREPAYMENT PENALTY:** If this loan is secured by a Deed of Trust on real Property, and is prepaid during the first year the penalty for prepayment shall be 5% of the unpaid principal balance; if prepaid during the second year the penalty shall be 4% of the unpaid principal balance; if prepaid during the third year the penalty shall be 3% of the unpaid principal balance; if prepaid during the fourth year the penalty shall be 2% of the unpaid principal balance; if prepaid during the fifth year the penalty shall be 1% of the unpaid principal balance. If the within named customer's debt ratio (income to monthly payments) exceeded 50% on the date of this loan, no prepayment penalty will be collected and the finance charge refund will be computed using the actuarial method.
**LATE CHARGES:** In the event that an installment or portion thereof, continues unpaid for 15 or more days following the date said payment is due, the Lender shall collect a default charge of $5.00 or 4.00% of the delinquent amount, whichever is greater but not to exceed $50.00.
 If Lender receives a check, draft, negotiable order of withdrawal or like instrument drawn on a bank or other depository institution given by Borrower in full or partial repayment of this loan, Lender may, it such instrument is not paid or is dishonored by such institution, charge and collect from the Borrower a bad check charge in an amount equal to the actual charge made to the Lender by the depository institution for the return of the unpaid or dishonored instrument, but in no event to exceed the sum of Fifteen Dollars ($15.00). This charge shall not be deemed to be interest, finance charge, or other charge made as an incident to or as a condition to the grant of this loan and shall not be included in determining the limit on charges which may be made in connection with this loan.

BORROWER UNDERSTANDS AND AGREES THAT ALL OF THE ADDITIONAL TERMS ON THE REVERSE SIDE HEREOF ARE A PART HEREOF AS IF FULLY SET FORTH AT THIS POINT.

Borrower authorizes the deductions listed above and acknowledges receipt of the amount paid to him directly and refunds stated above, together with an exact copy of this instrument completely filled in prior to execution.

WITNESS: /s/

Signature of Borrower: /s/
Signature of Borrower
Signature of Borrower

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
PAGE 1 OF 2
Original

DEFERRAL CHARGE: The Lender and the Borrower may, at any time, agree to a deferral of all or part of one or more unpaid installments, and the Borrower agrees to pay a deferral charge calculated by applying the above Loan Contract Rate to the amount deferred for the deferment period without regard to differences in the lengths of months, but proportionately for a part of a month, counting each day as one thirtieth (1/30) of a month. A deferral charge is earned pro rata during the deferment period and is fully earned on the last day of the deferment period. Such deferral charge may be collected at the time it is assessed or at any time thereafter. No more than two (2) deferrals may be made, or agreed to be made, in any twelve-month period.

DEFAULT AND ACCELERATION: Upon default by Borrower, Lender may (i) bring suit for the delinquent payments without accelerating the remaining balance, and/or (ii) declare the remaining balance immediately due and payable, less any rebate of unearned Finance Charges as provided for above; and Borrower shall pay all court costs and attorneys fees of 33-1/3% of the unpaid balance. After contractual maturity, or after default and acceleration, Borrower shall pay Lender interest on the delinquent amount at the rate of 10% per annum.

Borrower shall be in default upon: (1) Failure to pay any payment in full when due; (2) Failure to perform any agreement herein; (3) Any representation made or furnished to Lender by Borrower proves to have been false in any material respect; (4) Loss, theft, substantial damages, destruction, sale or encumbrance to or of the Collateral, or the making of any levy, seizure or attachment thereof or thereon; (5) Death; (6) Lender reasonably deems itself insecure; (7) Failure to perform any agreement or covenant contained in the Deed of Trust.

## ARBITRATION AGREEMENT

The parties have this day entered into a separate arbitration agreement which affects certain rights of the borrower which is incorporated herein by reference and made a part hereof as if fully copied herein.

## SECURITY AGREEMENT

Borrowers grant to Lender a security interest under the Uniform Commercial Code of Mississippi, in the goods described below, all of which shall hereafter be referred to as "Collateral," as security for the payment of the Promissory Note executed herein, this date, in an amount equal to the Total of Payments as shown above. This Security Agreement shall secure the Lender against all liability or loss on the Promissory Note mentioned above.

No waiver by Lender of any default shall operate as a waiver of any other default or of the same default on a future occasion.

| YEAR | MAKE | VIN | NEW/USED | MODEL | BODYTYPE |
|---|---|---|---|---|---|
| | | | | | |

Desc. Air Compressor; Desc: Husquavarna Lawn Mower Tractor Style 56"; Desc: .40 Cal Smith And Wesson Semi Automatic; Desc: .40 Caliber Smith And Wesson 10 Shot Semi Automatic

## ADDITIONAL TERMS AND CONDITIONS OF SECURITY AGREEMENT

Upon default, Lender may declare all Obligations secured hereby immediately due and payable and shall have the rights and remedies of a secured party under the Uniform Commercial Code of Mississippi. Lender may enter the Borrower's premises to retake possession of the Collateral. Unless the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Borrower reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition thereof is to be made. The requirements of reasonable notice shall be met if such notice is mailed, postage prepaid, to the address of Borrower as shown on the reverse hereof at least five days before the time of the sale or disposition. Borrower shall pay Lender for all expenses of retaking, holding, preparing for sale, selling, or the like, including Lender's reasonable attorneys' fees and legal expenses.

Borrower warrants that: (1) Collateral will be kept at the address of the Borrower as set forth on the reverse hereof, and the Borrower will not remove the Collateral from said address without the prior written consent of the Lender; (2) Borrower is the owner of the collateral free from any other adverse lien, security, interest or encumbrance; (3) Borrower, will not sell, exchange, lease or other wise dispose of any of the Collateral without the prior written consent of Lender; (4) Borrower will maintain insurance at all times with respect to all Collateral against any substantial risk of loss, damage or destruction as the Lender may require, so long as the amount is not in excess of the amount of the Obligation; such insurance shall be payable to the Lender and Borrower as their interest may appear; all policies of insurance shall provide for 10 days' written minimum cancellation notice to Lender; and Lender is hereby authorized and empowered to act as attorney-in-fact for the Borrower in obtaining, adjusting, setting and canceling such insurance and endorsing any drafts issued in connection therewith; (5) Borrower will keep the Collateral free form any adverse lien, security interest or encumbrance and will not waste or destroy the Collateral or any part thereof; (6) Lender may examine and inspect the Collateral at any time, wherever located; (7) Borrower will not permit the Collateral to be attached to real estate or become an accession to other goods without the prior written consent of Lender; (8) If the Collateral is attached to real estate or affixed to other goods prior to the perfection of the security interest granted hereby, Borrower will on demand of Lender furnish the Lender with a disclaimer or disclaimers, signed by all persons having an interest in the real estate, or any interest in the Collateral which is prior to Lender's interest.

At its option, Lender may discharge taxes, liens or security interests or other encumbrances at any time levied or placed on the Collateral, pay for insurance on the Collateral and pay for the maintenance and preservation of the Collateral, Borrowers agree to reimburse Lender on demand for any payment made, or any expense incurred by Lender.

| | |
|---|---|
| Initial of Borrower | Date |
| Initial of Borrower | Date |
| Initial of Borrower | Date |

☐ The following Notice is applicable to this consumer credit transaction only if an "X" appears in the foregoing box and Lender has signed at the right.

LENDER

BY _____

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

I the undersigned, in consideration of the granting of the loan hereunder to the Borrower named on the other side hereof and not for the purpose of being obligated to repay such loan, hereby grant to the Lender a security interest in the property described on the other side hereof, and all proceeds thereof, in accordance with all the terms and conditions of the Security Agreement herein.

Witness _____    Signature _____    Date _____

This document is subject to a security interest in favor of and pledged as collateral to Investar Bank National Association.

SCHEDULE A - SECURITY EVALUATION

| Personal Property Collateral: | | | |
|---|---|---|---|
| **Description** | **Model** | **Serial** | **Value** |
| Air Compressor | | | $500.00 |
| Husquavarna Lawn Mower Tractor Style 56" | | | $2,500.00 |
| .40 Cal Smith And Wesson Semi Automatic | | | $650.00 |
| .40 Caliber Smith And Wesson 10 Shot Semi Automatic | | | $400.00 |

Total Value of Collateral: $4,050.00

I affirm the above items used as collateral on Loan #5448- Dated 03/14/2025 Reflects actual cash value as indicated.

_____        _____
Employee Signature                                              Willie E Edwards

Original

**240373647**

File Number: 20244457405A
Date Filed: 11/10/2024 1:29:05 PM
Michael Watson
Secretary of State

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Sumer Nicole Howard (601) 823-0882

B. EMAIL CONTACT AT FILER (optional)
showard@familychoicefinancial.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Family Choice Financial, Inc.
710 BROOKWAY BLVD
BROOKHAVEN, MS 39601-2640

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor Name (1a or 1b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| edwards | willie | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 94 BRADY AVE | PORT GIBSON | MS | 39150 | USA |

2. DEBTOR'S NAME: Provide only one Debtor Name (2a or 2b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| FAMILY CHOICE FINANCIAL | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 710 BROOKWAY BLVD | BROOKHAVEN | MS | 39601 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
Air Compressor, , ; Husquavarna Lawn Mower Tractor Style 56", , ; .40 Cal Smith And Wesson Semi Automatic, , ; .40 Caliber Smith And Wesson 10 Shot Semi Automatic, , ;

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY - UCC FINANCING STATEMENT (Form UCC1)(Rev 08/23/11)